RED STAR YEAST & PRODUCTS CO.
v. HAGUE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Calfee, Fogg & White, Cleveland, for Yeast Co.

White, Cannon & Spieth, Cleveland, for Hague.

**456. EMPLOYER AND EMPLOYE—297. Contracts.**

SULLIVAN, PJ.

1. Contract, employing salesman, and prohibiting him from diverting employer's customers during employment or within six months thereafter, need not, as matter of law, be clothed with notarial act, enjoining on employe full knowledge of terms of contract.

2. Contract, employing salesman at monthly salary, is a month to month employment, and containing no provision as to notice, can be terminated and canceled, by mutual consent or otherwise, at end of each month without notice.

3. Under contract employing salesman on a month to month basis, acceptance by salesman of salary in full for month at beginning of which he severed relations established mutual intent of parties that either had right to terminate contract at end of any month for any reason whatsoever.

4. Contract, employing salesman on month to month basis, and providing that salesman shall not divert employer's customers during employment and for six months thereafter, such restriction was covenant in negative and applied strictly and solely to employe.

5. Under contract of employment providing that employe shall not divert employer's customers in city during employment and for six months thereafter, such restriction was covenant in negative and applied strictly and solely to employe.

6. Under contract prohibiting employe diverting employer's customers for six months after "leaving its services from whatsoever cause," word "whatsoever" is an indefinite relative, defined as "all that, no matter what, anything soever which" and prohibits employe from engaging in competition, regardless of person or thing which separates employment, whether voluntary or involuntary, and is not confined to voluntary leaving alone.

7. Under contract for employment prohibiting employe from engaging in competition within six months after leaving employer's service from whatsoever cause, it is immaterial in what manner relationship was severed, providing employer seeking to enforce provision was not responsible for breach thereof.

8. In action by employer to enjoin employe from engaging in competitive business under contract prohibiting such competition by employe for six months after leaving employment from whatsoever cause, it was immaterial whether discharge was justifiable.

(Levine, J., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

GRAY v. STATE ex PUTNAM,
Chief of Police.

Ohio Appeals, 4th Dist., Washington Co.

Strecker & Williamson and C. C. Middleswart, Marietta, for Gray.

R. M. Noll, F. C. Myers and C. F. Leeper, Marietta, for State ex.

**801. MUNICIPAL LAW—865. Office and Officers—887. Parties.**

MAUCK, J.

1. Executive department of municipal government is alone concerned with appointment and removal of chief of police, and must bear responsibility for chief's conduct.

2. That administrative officer or body first hears matter that is subsequently appealed to judicial tribunal does not prevent such officer or body from becoming actual party to proceeding on appeal in courts, but original administrative officer or body of necessity becomes party to appellate proceedings.

3. Where chief of police appealed from order of civil service commission affirming his removal from office by mayor, judgment of Common Pleas determining that chief of police was entitled to office and that no sufficient grounds existed for his removal impliedly required mayor to restore police chief to office and enjoined mayor from appointing another to fill office of chief of police, and hence mayor in official capacity, had right to have judgment reviewed in Court of Appeals, by petition in error.

(Middleton, J., concurs. Sayre. PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

LANESE v. DUFF.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Buonpane & Buonpane, Cleveland, for Lanese.

George Palda, Cleveland, for Duff.

**112. ATTACHMENT AND GARNISHMENT.**

SULLIVAN, J.

Garnishee, disclosing indebtedness to judgment debtor, as evidenced by cognovit note not due at time of decree against garnishee in favor of judgment creditor, and assigned and paid by garnishee before it became due, was not liable to judgment creditor for amount of note.

(Levine, PJ., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.